**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BREANA A. BOWER, *On behalf of herself and all others similarly situated,* | : | |
| | : | CASE NO.: |
| Plaintiff, | : | |
| v. | : | JUDGE: |
| DUPONT DE NEMOURS, INC., | : | **JURY DEMANDED** |
| -and- | : | |
| DUPONT SPECIALTY PRODUCTS USA, LLC | : | |
| Defendants. | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE STANDARDS ACT**

Plaintiff Breana A. Bower ("Plaintiff" or "Named Plaintiff"), on behalf of herself and all others similarly situated, files this Collective Action and Class Action Complaint against Defendants DuPont De Nemours, Inc. ("Defendant DDN") and DuPont Specialty Products USA, LLC ("Defendant DSP") (collectively, "Defendants") for their failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of all others similarly situated who have factually related claims under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01 – 4111.17. Plaintiff states and alleges as follows:

## INTRODUCTION

1. This case challenges the policies and practices of Defendants that violate the FLSA and the OMFWSA.

2. Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "Collective"), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of other similarly situated persons who have factually related claims under the OMFWSA (the "Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the OMFWSA because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants are incorporated in the State of Delaware and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

7. This Court has personal jurisdiction over Defendants because Defendants transact business in this state and District.

8. This Court has jurisdiction pursuant to The Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2) because, upon information and belief, Defendants policy and/or practices

applied to more than 1,000 employees at their facilities around the country, and the damages at issue exceed $5,000,000.

**PARTIES**

**A. The Named Plaintiff and Similarly Situated Employees**

9. Named Plaintiff Breana Bower is an adult individual residing in Kingston, Ohio. Plaintiff was employed by Defendants from approximately January 25, 2021, until April 1, 2025, as an hourly non-exempt production employee of Defendants.

10. Plaintiff was employed by Defendants as an hourly "machine operator" at their location in Circleville, Ohio.

11. During her employment, Plaintiff worked forty (40) or more hours in one or more workweek(s).

12. During her employment, Defendants did not compensate Plaintiff for integral and indispensable work. As a result, Plaintiff was not fully and properly paid for all hours worked in violation of the FLSA and OMFWSA.

13. Likewise, Defendants applied this pay practice and/or policy to their other similarly situated hourly, non-exempt employees. These similarly situated hourly employees worked forty (40) or more hours in given workweeks. Defendants' practices and/or policies resulted in these similarly situated hourly employees not being fully and properly paid for all hours worked in violation of the FLSA and OMFWSA.

14. At all relevant times, Plaintiff and other similarly situated hourly employees were an "employee" within the meaning of 29 U.S.C. § 203(e) of the FLSA, and the O.R.C. § 4111.03(D)(3).

15. At all relevant times, Defendants were required to pay overtime at one-and-one-

half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek pursuant to 29 U.S.C. § 207(a)(1), and O.R.C. §4111.03(a), which parallels the overtime requirements of the FLSA, requiring overtime pay for work over forty hours a week "subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' [§§] 207, 213, as amended."

16. Named Plaintiff Breana Bower hereby consents to join this action pursuant to 29 U.S.C. §216(b). A copy of her consent to join this action is attached as Exhibit A.

**B. <u>The Defendants</u>**

17. Defendant DDN is a domestic limited liability company that operates and conducts substantial business activities in the District of Delaware.

18. Defendant DSP is a domestic limited liability company that operates and conducts substantial business activities in the District of Delaware.

19. Defendants are engaged in the development, production, and sale of specialty materials, chemicals, and agricultural products.

20. Upon information and belief, Defendants have registered numerous other entities to manage and operate their business activities, and all of these entities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

21. Defendants employed Plaintiff and other similarly situated employees at facilities across the U.S.

22. At all relevant times, Defendants have had direct or indirect control and authority

23. over Named Plaintiff and other similarly situated hourly production employees' working conditions. Defendants exercised that authority and control over Named Plaintiff and other similarly situated hourly employees.

24. At all relevant times, Defendants have had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated hourly production employees. Defendants exercised that authority and control over Named Plaintiff and other similarly situated hourly production employees.

25. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

26. Defendants have registered multiple business entities as part of their enterprise.

27. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

28. Defendants are engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(l), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

29. At all relevant times, Defendants were an employer within the meaning of the FLSA and the OMFWSA. Because the work performed by Plaintiff and all other similarly

situated hourly employees directly benefited Defendants and directly or indirectly furthered their joint interests, Defendants and their numerous registered entities are collectively the joint employers of Plaintiff and other similarly situated hourly employees under the FLSA's definition of "employer."

30. At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees at Defendants' facilities.

31. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated hourly production employees to work. The work that Named Plaintiff and other similarly situated hourly production employees performed was for Defendants' benefit.

32. Because the work performed by Named Plaintiff and all other similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

33. Defendants operate, control, and employ employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year, individually and collectively, and have an annual gross volume of sales made or business done of not less than $500,000.

34. Defendants have had an annual gross volume of sales made for business done is excess of one hundred fifty thousand dollars, exclusive of excise taxes at the retail level which are separately stated, pursuant to O.R.C. § 4111.03(D)(2)(a).

35. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the FLSA and OMFWSA.

## FACTUAL ALLEGATIONS

36. Named Plaintiff and Defendants' other hourly production employees are hourly, non-exempt employees who are similarly entitled to overtime compensation.

37. Named Plaintiff and Defendants' other hourly production employees are involved in the manufacturing of various chemicals, specialty materials, and other products. Named Plaintiff and other similarly situated hourly production employees routinely handle chemicals and other hazardous materials while processing and producing their respective products.

38. Named Plaintiff and Defendants' other similarly situated hourly production employees arrive at work prior to the scheduled start of their shifts.

39. Named Plaintiff and other similarly situated hourly production employees would clock in soon after arriving at work but before the scheduled start of their shifts.

40. Prior to the scheduled start of their shifts but after clocking in, Named Plaintiff and other similarly situated hourly production employees were required to remove their "street" clothes and don chemical/flame-resistant safety clothing and other protective equipment.

41. Named Plaintiff and other similarly situated hourly production employees were required to don their safety clothing and equipment at their place of work. They were not permitted to take their safety clothing home.

42. After donning their safety clothing and equipment, Named Plaintiff and other similarly situated hourly production employees would then engage in a "shift relief" or "shift change" meeting with the previous shift's employee whom they were relieving. During this meeting, the hourly production employee being relieved would relay any necessary information

about what had occurred during the previous shift and/or what needed to be accomplished during the incoming shift.

43. Named Plaintiff and other similarly situated hourly production employees would then walk to their assigned stations and were required to arrive by no later than the scheduled start of their shift having already accomplished the above tasks.

44. These pre-shift duties resulted in Named Plaintiff and other similarly situated hourly production employees performing integral and indispensable work prior to the scheduled start of their shifts.

45. Despite clocking in and beginning work that was integral and indispensable to their job duties before the scheduled start of their shifts, Defendants did not pay Named Plaintiff and other similarly situated production employees for their pre-shift work.

46. Thus, during all relevant times, Defendants failed to pay Named Plaintiff and other similarly situated hourly production employees for all overtime work performed because of their policy and/or practice of not paying these employees for pre-shift work.

47. At the end of their shifts but before clocking out, Named Plaintiff and other similarly situated hourly production employees were required to complete the tasks they were working on.

48. At the end of their shifts but before clocking out, Named Plaintiff and other similarly situated hourly production employees were required to remove or doff chemical/flame-resistant safety clothing and other protective equipment.

49. Named Plaintiff and other similarly situated hourly production employees were required to doff their safety clothing and equipment at their place of work. They were not permitted to take their safety clothing home.

50. After doffing their safety clothing and equipment, Named Plaintiff and other similarly situated hourly production employees would then engage in a "shift relief" or "shift change" meeting with the incoming shift's employee who was replacing them. During this meeting, the hourly production employee concluding their work for the day would relay any necessary information about what had occurred during the previous shift and/or what needed to be accomplished during the incoming shift.

51. These post-shift duties resulted in Named Plaintiff and other similarly situated hourly production employees performing integral and indispensable work after the scheduled end of their shifts.

52. Despite being clocked out at the end of their shift for time-keeping and pay purposes, work that was integral and indispensable to their job duties was performed after the end of their shifts, and Defendants did not pay Named Plaintiff and other similarly situated production employees for their post-shift work.

53. Defendants had a common companywide policy and/or practice of failing to pay Named Plaintiff and other similarly situated hourly production employees for integral and indispensable pre-and-post shift "shift-change" work.

54. As a result of Defendants' companywide policy and/or practice described above, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated hourly production employees for all overtime pay that they actually earned.

55. Named Plaintiff and other similarly situated hourly production employees regularly worked more than forty (40) hours per workweek but were not at paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendants'

unlawful policy or practice described above.

56. Defendants' failure to compensate Named Plaintiff and other similarly situated hourly production employees as set forth above resulted in unpaid overtime.

57. At all times relevant herein, Named Plaintiff and other similarly situated hourly production employees were employees as defined in the FLSA.

58. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

59. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## FLSA COLLECTIVE ACTION ALLEGATIONS

60. Named Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

61. The collective that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is also a member, is composed of and defined as follows:

> **All current and former hourly, non-exempt production employees of Defendants who were paid for 40 or more hours of work in any workweek during the three years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

62. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

63. During the last three (3) years, Defendants did not compensate Named Plaintiff and the putative FLSA Collective Members for all overtime wages that they earned.

64. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees and costs.

65. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policies and/or practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated hourly production employees and is acting on behalf of their interests as well as his own in bringing this action.

66. The identities of the putative FLSA Collective Members are known to Defendants and readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

67. The net effect of Defendants' aforementioned policies and/or practices is that Defendants willfully failed to properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

**OHIO CLASS ALLEGATIONS**

68. Named Plaintiff brings this aspect of her claims pursuant to Fed. R. Civ. P. 23(a)

and (b)(3) on behalf of herself and a class of persons employed by Defendants in Ohio within the last three years defined as:

> **All current and former hourly, non-exempt production employees of Defendants in Ohio who were paid for 40 or more hours of work in any workweek during the three years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Ohio Class" or "Ohio Class Members").**

69. Named Plaintiff's Class Action claim is brought pursuant to O.R.C. § 4111.03(A).

70. The Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of more than 100 people.

71. The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

72. Plaintiff's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief which would be sought by each Class member in separate actions.

73. All the Class members were subject to the same corporate policy and/or practices of Defendants, as alleged herein, of failing to pay legally required overtime.

74. Plaintiff and the Class have all sustained similar types of damages as a result of Defendants' failure to comply with O.R.C. § 4111.03(A).

75. Plaintiff and the Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Class members.

76. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

77. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

78. Plaintiff is represented by attorneys who are experienced and competent in class action litigation and have previously represented many classes in wage and hour litigation across the country.

79. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

80. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

81. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

82. On the other hand, important public interests will be served by addressing the matter as a class action.

83. Common questions of law and fact exist as to the Class Members that predominate over any questions only affecting Plaintiff and the Class Members individually and include, but are not limited to, the following:

(a) Whether Defendant violated O.R.C. § 4111.03(A) by failing to pay Named Plaintiff and other similarly situated employees for donning protective equipment and engaging in pre-shift meetings prior to the start of their shift;

(b) Whether Defendant paid Plaintiff and the Class Members for all hours worked over forty in a workweek;

(c) Whether Defendant failed to pay all wages due to Plaintiff and the Class Members; and,

(d) What amount of monetary relief will compensate Named Plaintiff and other members of the Ohio Class for Defendants' violation of O.R.C. § 4111.03.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FLSA'S OVERTIME REQUIREMENTS
## FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME WAGES

84. All of the preceding paragraphs are realleged as if fully rewritten herein. This claim is brought as a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

85. The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

86. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

87. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s) but were not paid for all overtime hours worked because of Defendants' failure to pay for pre-shift and post-shift work.

88. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendants' companywide policy and/or practice described herein.

89. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA-required overtime.

90. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

91. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

92. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE OMFWSA'S OVERTIME REQUIREMENTS
## RULE 23 OHIO CLASS ACTION FOR UNPAID OVERTIME WAGES

93. All of the preceding paragraphs are realleged as if fully rewritten herein.

94. Defendants are an "employer" within the meaning of Ohio Revised Code § 411.03(D)(2).

95. Named Plaintiff and other members of the Ohio Class are "employees" within the meaning of Ohio Revised Code § 411.03(D)(3).

96. In failing to pay for time spent performing integral and indispensable pre-shift and post-shift work Defendants violated Ohio Revised Code § 4111.03 inasmuch as Defendants failed to pay Named Plaintiff and other members of the Ohio Class at the prescribed rate of one and one-half times the employees' regular wage rates for all hours worked in excess of forty hours per workweek.

97. Having violated Ohio Revised Code § 4111.03, Defendants are liable to Named Plaintiff and other members of the Ohio Class pursuant to Ohio Revised Code § 4111.10 for the full amount of the overtime wage rate, less any amount actually paid to the employees by Defendant, as well as for costs and reasonable attorneys' fees as may be allowed by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A. Permitting this litigation to proceed as a collective action and facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA, and certifying the Ohio Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

B. Finding that Defendants failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective Members are entitled to prove their hours worked with reasonable estimates;

C. Awarding Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

F. Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action;

G. Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper; and

H. Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: April 11, 2025

Respectfully submitted,

**COLLINS PRICE WARNER & WOLOSHIN**
/s/ Raeann Warner
Raeann Warner (# 4931)
8 East 13th Street
Wilmington, DE 19801
302-655-4600
raeann@cpwwlaw.com

**COHEN ROSENTHAL & KRAMER LLP**
JASON R. BRISTOL (0072989)
jbristol@crklaw.com
3208 Clinton Avenue
Cleveland, Ohio 44113
216-815-9500 [Telephone]
216-781-8061 [Facsimile]

**JASON P. MATTHEWS, LLC**
JASON P. MATTHEWS (00073144)
130 West Second Street, Suite 924
Dayton, OH 45402
Phone: 937.608.4368
Fax: 1.888.577.3589
jason@daytonemploymentlawyers.com

*Attorneys for Representative Plaintiff Breana Bower and those similarly situated*